DAVID J. STREZA [SBN 209353]
JONATHAN P. VARNICA [SBN 278746]
VOGL MEREDITH BURKE LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Telephone:  (415) 398-0200
Facsimile:  (415) 398-2820
Email:       dstreza@vmbllp.com
             jvarnica@vmbllp.com

Attorneys for Defendant
ESTES EXPRESS LINES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| HECTOR RAMIREZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ESTES EXPRESS LINES, and Does 1 through 50,<br><br>　　　　Defendants. | Yolo County Case No. CV2022-0609<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY JURISDICTION); DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: April 20, 2022 |

TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Defendant ESTES EXPRESS LINES ("Defendant") hereby removes to this Court the state court action described below.

**INTRODUCTION**

1. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by defendants pursuant to 28 U.S.C. section 1441 (b) in that this action involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

/ / /

/ / /

**PROCEDURES FOR REMOVAL**

2. April 20, 2022, Plaintiff HECTOR RAMIREZ filed an action in the Superior Court of the State of California, in and for the County of Yolo, styled *Hector Ramirez v. Estes Express Line, et al.*, Case No. CV2022-0609, attached hereto as Exhibit A, alleging a cause of action for negligence stemming from an October 7, 2021 incident occurring at a trucking terminal in the City of West Sacramento, California.

3. Notice of Removal is timely pursuant to 28 U.S.C. § 1446.  In cases where removability appears on the face of the state court complaint, a notice of removal must be filed "within 30 days after the receipt by the defendant, through services or otherwise" of the initial pleading from which removability can be ascertained. 28 U.S.C. § 1446(b)(1).  Plaintiff's complaint was served on Defendant ESTES EXPRESS LINES on May 18, 2022.

4. Currently, there are no other defendants who have been named, properly joined and served, and therefore no consent for removal is necessary at this time.

5. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of Yolo.

6. Assignment to this Court in the Sacramento Division is proper because the state court action was originally filed in Yolo County. See L.R.120(d).

**DIVERSITY OF CITIZENSHIP**

7. For purposes of diversity jurisdiction, diversity must exist at the time a complaint is filed, and at the time of removal. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002.).

8. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Complete diversity of citizenship exists in that: Plaintiff is a citizen of the State of California; and, Defendant ESTES EXPRESS LINES is a corporation incorporated under the laws of Virgina.  Defendant's Corporate Certificate of Good Standing is attached as Exhibit B.

///

**JURISDICTIONAL AMOUNT**

9. While Defendant denies liability as to Plaintiff's claims, Defendant has a reasonable, good faith belief that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, based upon Plaintiff's complaint allegations and other documentary evidence obtained by Defendant.

10. An action may be removed if the defendant establishes, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

11. In determining whether the amount in controversy is proper for diversity jurisdiction, the Ninth Circuit has "…endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

12. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc. v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

13. The complaint does not allege the amount in controversy. However, plaintiff seeks damages in excess of the jurisdictional minimum of the State Court, which is $25,000.

(Exhibit A, at page 4, line 24). In addition, plaintiff seeks damages for "lost earnings, past, present and future," "past, present and future medical and incident expenses," incidental expenses, interest including pre-judgment interest, and general damages. (Exhibit A, page 4, line 26 to page 5, line 4).

14. Additionally, plaintiff's complaint alleges that plaintiff "has been injured in his health, strength, and activity, and has sustained grievous injury to his body and profound shock and injury to his person and nervous system, all of which injuries resulted in great mental, physical and nervous pain and suffering." (Exhibit A, page 3, lines 16 to 20). Moreover, plaintiff alleges that "[s]aid injuries will result in some permanent disability to Plaintiff…" (Exhibit A, page 3, lines 20 to 21).

15. Furthermore, with respect to wage loss, plaintiff's complaint alleges that "Plaintiff has been prevented from attending his usual occupation, and/or will be prevented in the future, all to his further damage to his future earning capacity." (Exhibit A, page 3, lines 12 to 14).

16. Based on the above purported facts, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

## VENUE

17. Venue in this Division of this Court is proper because the alleged negligent events underlying the allegations in the Plaintiffs' complaint took place in Yolo County, California.

**28 U.S.C. section 1446**

18. Pursuant to 28 U.S.C. section 1446(a), copies of all process, pleadings, and orders in Defendant's possession are already included in Exhibit "A."

19. Pursuant to 28 U.S.C. section 1446(d), Defendant will serve on Plaintiff and file with the Clerk of the Superior Court for the County of Yolo written notice regarding removal of this action, attaching a copy of this Notice of Removal and all supporting papers.

/ / /

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial in this matter.

Dated: June 15, 2022					VOGL MEREDITH BURKE LLP

							By: _____
							DAVID J. STREZA
							JONATHAN P. VARNICA
							Attorneys for Defendant
							ESTES EXPRESS LINES

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**RECEIVED MAY 1 8 2022 Administration**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ESTES EXPRESS LINES; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HECTOR RAMIREZ

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 4/20/2022 9:57 AM
By: S. Martinez, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF YOLO, 100 Main Street, Woodland, CA 95695

CASE NUMBER: *(Número del Caso):*
CV2022-0609

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John N. Demas, SBN 161563, Brad A. Schultz SBN 242512, 701 Howe Ave, Ste. A-1, Sacramento, CA 95825, 916-444-0100

DATE: 4/20/2022                SHAWN C. LANDRY    Clerk, by    /s/ S. Martinez    , Deputy
*(Fecha)*                      *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify): estes Express Lines
3. [X] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [X] other (specify): **BUSINESS ORGANIZATION, FORM UNKNOWN**
4. [X] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

DEMAS LAW GROUP, P.C.
John N. Demas, Esq., SBN 161563
Brad A. Schultz, Esq., SBN 242512
701 Howe Avenue, Suite A-1
Sacramento, CA 95825
Tel: (916) 444-0100
Fax: (916) 436-5027

Attorneys for Plaintiff
HECTOR RAMIREZ

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 4/20/2022 9:57 AM
By: S. Martinez, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF YOLO

| | |
|---|---|
| HECTOR RAMIREZ,<br><br>Plaintiff,<br><br>vs.<br><br>ESTES EXPRESS LINES; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. CV2022-0609<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**<br><br>[Damages in Excess of $25,000] |

COMES NOW Plaintiff HECTOR RAMIREZ (hereinafter "RAMIREZ"), and alleges against Defendants ESTES EXPRESS LINES (hereinafter "ESTES"), and DOES 1 through 50, inclusive, and each of them as follows:

1. At all times mentioned herein, Defendant ESTES was a corporation duly organized and existing under the laws of the State of California, conducting business in the City of West Sacramento, County of Yolo, State of California.

2. The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, are presently unknown to Plaintiff, who therefore sues each Defendant by fictitious names, pursuant to Code of

1

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

Civil Procedure section 474. Plaintiff is informed and believes and thereon alleges that the fictitiously named Defendants, and each of them, sued as DOES 1 through 50, inclusive, are in some manner legally responsible to Plaintiff for the events and happenings herein referred to, and proximately caused damages to Plaintiff as set forth herein. Plaintiff will seek leave of court to amend this Complaint to insert the true names and capacities of said fictitiously named Defendants, and each of them, when the same have been ascertained.

3. Plaintiff is informed and believes and on that basis alleges that at all times relevant herein, each of the Defendants, including each fictitiously named Defendant, was the partner, agent, joint venture, co-conspirator, lessor, lessee, servant, and/or employee of each of the remaining Defendants, and in doing the acts or things alleged herein were acting within the course and scope of such partnership, agency, employment, and/or other relationship stated herein, and in doing the acts herein alleged, was acting with the consent, approval, ratification, permission and/or authorization of each of the remaining Defendants.

## FIRST CAUSE OF ACTION
(Negligence)

4. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 3 as though fully set forth herein.

5. At all times mentioned herein, ESTES, and DOES 1 through 50, inclusive, and each of them, owned, possessed, managed, and/or controlled a certain enclosed trailer identified as trailer No. 288740 (hereinafter "TRAILER").

6. At all times relevant herein, ESTES, and DOES 1 through 50, inclusive, and each of them, placed, secured, failed to secure, loaded, and/or improperly loaded materials, diamond plate, steel, metal, metal plates, and/or items within the TRAILER at their West Sacramento terminal.

///
//

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

7. On or about October 7, 2021, RAMIREZ was safely, carefully, and lawfully within the TRAILER, and the TRAILER contained the item(s) described in Paragraph 6 above.

8. On or about October 7, 2021, and prior thereto, Defendants ESTES, and DOES 1 through 50, inclusive, and each of them, individually and/or while acting by or through their agents, employees, joint-ventures, partners, lessors, lessees, subagents, bailor, bailee, and/or co-conspirators, named or unnamed as Defendants herein, while acting within the course and scope of their employment, agency, individual capacity or other relationship, so negligently, carelessly, recklessly, and/or unlawfully, loaded, secured, failed to secure, restrained, failed to properly restrain, positioned, placed, strapped, improperly strapped, inspected, failed to inspect, used improper tie downs/ratchet straps, failed to inspect the tie downs/ratchet straps, and/or placed the item(s) described in Paragraph 6 above inside the TRAILER, resulting in the item(s) falling onto and striking RAMIREZ, thereby proximately causing the injuries and damages to RAMIREZ hereinafter described.

9. As a proximate result of the negligence, carelessness, and/or wrongdoings of Defendants, and DOES 1 through 50, inclusive, and each of them, Plaintiff has been injured in his health, strength, and activity, and has sustained grievous injury to his body and profound shock and injury to his person and nervous system, all of which injuries resulted in great mental, physical and nervous pain and suffering. Said injuries will result in some permanent disability to Plaintiff, all to his general damages in a sum as yet uncertain, within the maximum jurisdiction of the Court. Plaintiff will seek leave of court to plead and approve the nature and extent of his general damages, according to proof at the time of trial, together with interest and/or prejudgment interest thereon at the lawful legal rate.

10. As a further proximate result of the negligence, carelessness, and/or wrongdoings of Defendants, and DOES 1 through 50, inclusive, and each of them, Plaintiff has in the past and in the future will be required to employ physicians, surgeons, and other medical

providers to examine, treat and care for said Plaintiff. The exact amount of such medical expenses is unknown to Plaintiff, and Plaintiff will seek leave of court to plead and prove the exact amount of said expenses according to proof at the time of trial, together with interest and/or prejudgment interest thereon at the lawful legal rate.

11. As a further proximate result of the negligence, carelessness, and/or wrongdoings of Defendants, and DOES 1 through 50, inclusive, and each of them, Plaintiff has incurred incidental and consequential damages. Plaintiff will seek leave of court to plead and prove the exact amount of incidental and/or consequential damages according to proof at the time of trial, together with interest and/or prejudgment interest thereon at the lawful legal rate.

12. As a further proximate result of the negligence, carelessness, and/or wrongdoings of Defendants, and DOES 1 through 50, inclusive, and each of them, Plaintiff has been prevented from attending his usual occupation, and/or will be prevented in the future, all to his further damage to his future earning capacity in an amount unknown at this time. Plaintiff will seek leave of court to plead and prove the exact amount of lost income according to proof at the time of trial, together with interest and/or prejudgment interest thereon at the lawful legal rate.

13. Plaintiff will seek prejudgment interest on all items of damage, including economic and non-economic damages. These will include, but are not limited to, past and future medical expenses, and any and all incidental and compensatory damages as permitted by law. (See Code of Civ. Proc., section 685, (a) and Civ. Code section 3291.)

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in excess of the minimum jurisdiction of this Court, according to proof at time of trial;

2. Damages for lost of earnings, past, present and future, according to proof at trial;

3. For past, present and future medical and incidental expenses, according to proof;

4. For incidental expenses incurred as a result of the above incident, according to proof;

5. For interest and/or prejudgment interest on all damages south and/or incurred herein, at the legal, lawful rate;

6. For costs of suit incurred herein, and;

7. For such other and further relief as the Court may deem proper.

DATED: April 11, 2022                          **DEMAS LAW GROUP, P.C.**

BY: _____
Brad A. Schultz
Attorney for Plaintiff
HECTOR RAMIREZ

5

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> John N. Demas SBN 161563 <br> Demas Law Group <br> 701 Howe Avenue, Suite A-1, Sacramento, CA 95825 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (916) 444-0100  FAX NO. (Optional): (916) 444-8250 <br> ATTORNEY FOR (Name): Plaintiff HECTOR RAMIREZ | ELECTRONICALLY FILED <br> by Superior Court of CA, <br> County of Yolo, <br> on 4/20/2022 9:57 AM <br> By: S. Martinez, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF YOLO <br> STREET ADDRESS: 100 Main St. <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: Woodland, CA 95825 <br> BRANCH NAME: | |

| CASE NAME: Ramirez v. Estes Express Lines | | |
|---|---|---|
| **CIVIL CASE COVER SHEET** <br> [x] Unlimited (Amount demanded exceeds $25,000) <br> [ ] Limited (Amount demanded is $25,000) | **Complex Case Designation** <br> [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: CV2022-0609 <br> JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Two
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 11, 2022

Brad A. Schultz
(TYPE OR PRINT NAME)                                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF YOLO<br>1000 MAIN STREET<br>WOODLAND, CA. 95695<br>530-406-6704 | *For Court Use*<br><br>ELECTRONICALLY FILED<br>by Superior Court of CA,<br>County of Yolo,<br>on 4/20/2022 9:57 AM<br>By: S. Martinez, Deputy |
|---|---|
| HECTOR RAMIREZ<br><br>Plaintiff,<br><br>vs.<br>ESTES EXPRESS LINES; and DOES 1 through 50, Inclusive<br>Defendant | Case CV2022-0609 |

### NOTICE OF CASE MANAGEMENT CONFERENCE

NOTICE TO ALL APPEARING PARTIES AND THEIR ATTORNEYS:

Notice is hereby given that the above-entitled action has been set for a Case Management Conference on 8/22/2022 at 9:00 AM in Department TBD.

The plaintiff shall serve the Notice of Case Management Conference on each defendant with the complaint.

You must file a Case Management Statement 15 days prior to the above date.

Date: 4/20/2022

SHAWN C. LANDRY, COURT EXECUTIVE OFFICER
/s/ S. Martinez

_____S. Martinez_____, Deputy Clerk

YOCV0142

8/6/2020

**DEMAS LAW GROUP, P.C.**
John N. Demas, Attorney at Law, SBN 161563
Brad A. Schultz, Attorney at Law, SBN 242512
701 Howe Avenue, Suite A-1
Sacramento, CA 95825
Tel: (916) 444-0100
Fax: (916) 436-5027

Attorney for Plaintiff,
HECTOR RAMIREZ

## SUPERIOR COURT OF STATE OF CALIFORNIA
## COUNTY OF YOLO

| | |
|---|---|
| HECTOR RAMIREZ, | CASE NO. CV2022-0609 |
| Plaintiff, | **STATEMENT OF DAMAGES** |
| vs. | |
| ESTES EXPRESS LINES; and DOES 1 through 50, inclusive, | |
| Defendants. | |

The nature and amount of damages sought by Plaintiff HECTOR RAMIREZ in the above-entitled action are as follows:

1. General Damages in an amount according to proof at time of trial;
2. Special Damages in the amount according to proof at time of trial;
3. Total Medical Specials in an amount according to proof at time of trial;
4. Future Medical Expenses in an amount according to proof at time of trial;
5. Total wage loss in an amount according to proof at time of trial;
6. Future wage loss and loss of earning capacity in an amount according to proof at time of trial;
7. Damages for property damage in an amount according to proof at time of trial;

1

STATEMENT OF DAMAGES

8. Total of all other claimed damages in an amount according to proof at time of trial.

DATED: May 13, 2022                                              DEMAS LAW GROUP, P.C.

BY: _____

Brad A. Schultz
Attorney for Plaintiff,
HECTOR RAMIREZ

2

**STATEMENT OF DAMAGES**

# EXHIBIT B

# Commonwealth of Virginia



# State Corporation Commission

## CERTIFICATE OF GOOD STANDING

I Certify the Following from the Records of the Commission:

That ESTES EXPRESS LINES is duly incorporated under the law of the Commonwealth of Virginia;

That the corporation was incorporated on November 26, 1948;

That the corporation's period of duration is perpetual; and

That the corporation is in existence and in good standing in the Commonwealth of Virginia as of the date set forth below.

Nothing more is hereby certified.



Signed and Sealed at Richmond on this Date:

May 24, 2022

_____
Bernard J. Logan, Clerk of the Commission

CERTIFICATE NUMBER : 2022052417329020

<u>Hector Ramirez vs. Estes Express Lines, et al.</u>
U.S.D.C. Eastern District of California Case No.

## CERTIFICATE OF SERVICE

I, Katherine Eng, declare as follows:

I am a citizen of the United States, I am over the age of eighteen (18) years and am not a party to this action. I am employed in the City and County of San Francisco, State of California, and my business address is 456 Montgomery Street, 20th Floor, San Francisco, California, 94104.

On **June 16, 2022**, I served or caused the within: **Notice of Removal of Action Under 28 U.S.C. § 1441 (Diversity Jurisdiction); Demand for Jury Trial** on the attorney(s) of record in this action as follows:

__X__        by having a true copy thereof caused to be served via **electronic service** to the person(s) at the address(es) as set forth below.

**Plaintiff's Attorney:**
John N. Demas, Esq.
Brad A. Schultz, Esq.
Demas Law Group, P.C.
701 Howe Avenue, Suite A-1
Sacramento, California 95825
Telephone No: (916) 444-0100
Facsimile No:  (916) 436-5027
Email:         jnd@demaslawgroup.com
               bas@demaslawgroup.com

I am readily familiar with this law firm's practice for the collection and processing of documents for mailing, Federal Express overnight mail, and facsimile transaction and said document(s) are deposited with the United States Postal Service or Federal Express depository on the same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **June 16, 2022**, in San Francisco, California.

_____
Katherine Eng

1
CERTIFICATE OF SERVICE