UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR RAMIREZ,<br><br>   Plaintiff,<br><br>   v.<br><br>ESTES EXPRESS LINES,<br><br>   Defendant. | Case No.  2:22-cv-01047-JDP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND TO REMAND<br><br>ECF No. 5 |

Plaintiff filed this action against defendant Estes Express Lines in the Yolo County Superior Court.[1] Defendant removed the case to this court in June 2022 under 28 U.S.C. § 1441(b) on the basis that there is diversity in citizenship—plaintiff is a citizen of California and Estes Express Lines is a Virginia corporation—and that the amount in controversy is more than 75,000 dollars. ECF No. 1 at 1-3; *see* 28 U.S.C. § 1332(a). On July 18, 2022, plaintiff filed a motion to amend, seeking to add two new defendants: Estes Terminals of California LLC and GI Trucking Co. dba Estes West. ECF No. 5 at 5-6. These new defendants are alleged to be citizens of California, and plaintiff argues that remand is appropriate based on this newfound lack of complete diversity. *Id.* at 12. Defendant Estes Express Lines opposes this motion and argues that plaintiff is fraudulently joining these defendants solely for the purpose of defeating diversity.

---

[1] This case is before the undersigned pursuant to the parties' consent. ECF Nos. 9, 11, & 13; *see* 28 U.S.C. § 636(c).

1

ECF No. 7 at 3-4. In the alternative, it argues that, even if these defendants are joined, they would not destroy diversity. *Id.* at 6-7. After review of the pleadings, I will grant plaintiff's motion and remand this case to state court.

Plaintiff argues that both Estes Terminals of California LLC ("Estes Terminals") and GI Trucking Co. dba Estes West ("GI Trucking") are citizens of California and thus that their addition, if permitted, would destroy diversity. Defendant, in addition to arguing that the joinder of these parties is fraudulent, contends that neither new defendant destroys diversity. It contends that Estes Terminals is a Virginia corporation, ECF No. 7 at 6, and that the status of GI Trucking is unknown, *id.* at 7.

The court declines to find fraudulent joinder. Fraudulent joinder is shown where there is: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). There has been no argument as to the first prong. As to the second, defendant argues that plaintiff cannot establish a cause of action against the parties it seeks to add because they did not own the property where the incident occurred, did not own the trailer in which plaintiff was injured, and were not responsible for loading the trailer. ECF No. 7 at 4.

In his reply, plaintiff argues that his independent investigation indicates that "[GI Trucking] and [Estes Terminals] owned, managed, controlled, and/or possessed the GI West Sacramento terminal where the ESTES' trailer was negligently loaded, inspected, or secured, and then delivered to Plaintiff's employer." ECF No. 10 at 7. Based on plaintiff's assertions, there is at least a possibility that a state court could find that the complaint states a cause of action against GI Trucking and Estes Terminals. *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)) ("[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (emphasis in original). In so finding, I note that the Ninth Circuit has cautioned against delving into the merits of a plaintiff's case in considering the

possibility of fraudulent joinder. *GranCare, LLC v. Thrower*, 889 F.3d 543, 548-49 (9th Cir. 2018) ("We have declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal.").

    Although plaintiff is the movant, it remains defendant's burden to establish that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). Here, defendant has not shown that diversity is preserved even with the joinder of the two new defendants. Defendant argues that neither GI Trucking nor Estes Terminals is, for diversity purposes, a citizen of California. ECF No. 7 at 6. Plaintiff has presented evidence and argument to the contrary. ECF No. 10 at 6. As to GI Trucking in particular, the court notes that the California Secretary of State's records[2] indicate that, despite being currently headquartered in Virginia, it was formed as a stock corporation in California.[3] Thus, the record before the court reflects that GI Trucking is a citizen of California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

    Based on the foregoing, it is hereby ORDERED that:

    1. Plaintiff's motion to amend complaint and for remand, ECF No. 5, is GRANTED.

    2. The Clerk of Court shall docket the complaint contained in ECF No. 5-1 at 62-66 as the First Amended Complaint.

    3. This case is hereby REMANDED to the Superior Court of California for the County of Yolo.

---

[2] The court takes judicial notice of these records. Judicial notice is appropriate where the fact at issue "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Nat'l Grange of the Ord. of Patrons of Husbandry v. Cal. State Grange*, 182 F. Supp. 3d 1065, 1075 n.3 (E.D. Cal. 2016) (taking judicial notice of public filings on the California Secretary of State's website).

[3] https://bizfileonline.sos.ca.gov/search/business, search business number 0824623 (last accessed 3/13/2023).

4. The Clerk of Court is directed to send a certified copy of this order to Superior Court of California for the County of Yolo and to close the case.

IT IS SO ORDERED.

Dated:   <u>March 14, 2023</u>                                                  
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4